IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| AGXPLORE INT'L, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:21-CV-154 SNLJ |
| WILLIAM AYCOCK, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

**MEMORANDUM and ORDER**

This matter is before the Court on plaintiffs' motion for preliminary injunction [Doc. 32] and plaintiffs' motion to expedite discovery [Doc. 25].

**I.    Factual background**

Defendant William Barry Aycock founded plaintiff AgXplore International, LLC in 1999.  Plaintiff Timothy Gutwein joined AgXplore in 2006 as Director of Sales and Executive Vice President.  In 2018, Aycock agreed to sell AgXplore to Gutwein and promised to include in the sale all company goodwill and personal and intellectual property.  The financing for the "Sale Transaction," which closed on December 12, 2018, included certain "seller-financed" indebtedness to be paid to Aycock over time.

On November 16, 2020, AgXplore and Gutwein refinanced certain indebtedness in the "Refinancing Transaction."  The financing again included certain indebtedness to be paid to Aycock over time (the "Junior Debt"), as evidenced by an Amended and Restated Subordinated Promissory Note (the "Subordinated Note").  As collateral for the Junior

1

Debt, Gutwein and Aycock entered into a Membership Interest Pledge Agreement (the "Membership Pledge Agreement" or "MPA"), in which Gutwein pledged his membership interests in AgXplore to Aycock.  Both the Subordinated Note and the Membership Pledge Agreement are subject to an Amended and Restated Debt Subordination Agreement ("Subordination Agreement" or "SA"), dated November 16, 2020, and executed by and between Aycock, AgXplore, and nonparty First Horizon Bank ("Bank").  Pursuant to the Subordination Agreement, Aycock executed an Allonge to the Subordinated Note (the "Allonge").  Finally, the Refinancing Transaction included a "Restricted Covenant Agreement" ("RCA") between Aycock and AgXplore.  The documents all set out various obligations between the parties, including

- Gutwein will provide Aycock with certain financial data (MPA ¶ 5d).
- Aycock transfers all of his rights in the Junior Debt to the Bank (SA ¶ 3(a)).
- Aycock will not commence or join in commencing any receivership proceeding against AgXplore (SA ¶ 6(f)).
- Neither AgXplore nor Aycock will allow any action prejudicial to or inconsistent with the Bank's priority position (SA ¶ 6(g)).
- If Aycock attempts to enforce or realize any collateral securing the Junior Debt in violation of the SA, AgXplore or the Bank may restrain such activity (SA ¶ 15).
- Aycock promises not to interfere with AgXplore's customer and supplier relationship, not to compete against AgXplore, not to solicit or hire AgXplore employees, not to disparage AgXplore and its employees (RCA ¶¶ 2, 3, 5, 6).

2

- If Aycock violates or threatens to violate the RCA, then AgXplore or affiliates may seek temporary injunctive relief without posting a bond or other security and permanent injunctive relief without proving actual damage (RCA ¶ 7).

Plaintiffs AgXplore and Gutwein allege that Aycock planned to complete with AgXplore, steal customers and sales away from AgXplore, and solicit employees and business away from AgXplore in violation of the RCA. Plaintiffs filed their complaint in November 2021, including claims against Aycock for misappropriation of trade secrets in violation of the Defendant Trade Secrets Act ("DTSA") (Count I), breach of the Missouri Uniform Trade Secrets Act (Count II), breach of the Membership Pledge Agreement (Count III), breach of the implied covenant of good faith and fair dealing (Count IV), breach of the Restrictive Covenant Agreement (Count V), and fraudulent inducement through concealment and misrepresentation in connection with the Restrictive Covenant Agreement (Count VI).

Defendants answered on January 24, 2022 without asserting any counterclaims. Since then, the parties have engaged in somewhat limited discovery.

On April 5, 2022, Aycock filed a petition in the Circuit Court of New Madrid County, Missouri, seeking foreclosure of Gutwein's membership interests in AgXplore. Then, Aycock filed a motion for receiver in that case on April 29. Plaintiffs allege that Aycock's New Madrid Petition includes numerous false and disparaging allegations. They further allege that the motion for receiver was designed to throw the company into turmoil and that the defendants' attorney told one former AgXplore employee that defendants "are sequestering the assets of AgXplore before [Gutwein] can cook the

books." Aycock bases his State Court Petition and motion for receiver on the allegation that Gutwein failed to comply with reporting requirements under the MPA. Plaintiffs assert that the allegations are baseless. The months between plaintiffs' filing their complaint in this case and the defendants filing their State Court Petition included numerous communications between the parties' attorneys regarding financial documents sought by Aycock. Plaintiffs state that Aycock falsely represented in the New Madrid Petition that Gutwein had refused to comply with the financial reporting requirements of the MPA. Plaintiffs AgXplore and Gutwein have moved to dismiss or stay Aycock's State Court Petition, and they have asked Aycock to withdraw the Petition as well. Having had no success thus far,[1] plaintiffs now file the instant motion for preliminary injunction pursuant to the terms of the RCA. In particular, they seek to enjoin defendants from

> (i) Appointing a receiver over AgXplore or otherwise seeking to interfere with the operation and management of AgXplore in violation of Paragraph 6(f) of the parties' Subordination Agreement;
>
> (ii) Disseminating confidential financial information of either AgXplore or Gutwein to third parties;
>
> (iii) Disparaging either AgXplore or Gutwein to current or former employees, current or potential customers and vendors of AgXplore in violation of Paragraph 6 of the parties' Restrictive Covenant Agreement;
>
> (iv) Declaring a default and/or acceleration of the Subordinated Note; and

---

[1] The motion to dismiss or stay is still pending in the State Court Action. A review of the docket sheet in that case, *Aycock, et al. v. AgXplore Int'l, LLC*, Case No. 22NM-CV00189 (Cir. Ct. for New Madrid County, Mo.), reveals numerous supboenas have been issued on third parties by Aycock and that a motion to amend the petition is also pending. Aycock suggests in his response to the motion to dismiss that the motion to amend the petition may moot the pending motion to dismiss. A hearing is set for September 7, 2022.

4

      (v)      Prosecuting his second-filed State Court Litigation in violation of Paragraph 3(a) of the parties' Subordination Agreement.

[Doc. 33 at 30.] Plaintiffs, in a separate but related motion, also seek expedited discovery. The Court now turns to the merits of the motions.

## II.    Motion for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To prevail on a motion for preliminary injunction, a party must show (1) it is likely to succeed on the merits; (2) it will suffer irreparable harm absent an injunction; (3) the balance of the irreparable harm outweighs the potential injury to non-movants; and (4) the public interest weighs in favor of an injunction. *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 664-65 (8th Cir. 2022)). Although no single factor is determinative, the probability of success on the merits is most significant. *Id.*

Plaintiffs insist that all factors weigh in favor of issuing the injunction they seek. Defendants argue, first and foremost, that granting the plaintiffs' injunction would run afoul of the Anti-Injunction Act, 28 U.S.C. § 2283. That act provides that a "court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

The parties argue at length about the applicability of the Anti-Injunction Act. Plaintiffs suggest it is inapplicable, citing the Eighth Circuit:

    The Anti-Injunction Act is inapplicable when a federal court has first

5

> obtained jurisdiction of a matter in controversy by the institution of suit. Notwithstanding the confines of the Anti-Injunction Act, the federal court may in these circumstances restrain subsequently filed state court proceedings involving the same subject matter. The prohibition of the Act is only against interference in a "pending" state proceeding.

*Nat'l City Lines, Inc. v. LLC Corp.*, 687 F.2d 1122, 1127 (8th Cir. 1982).  The question of whether state actions are "pending" is "appropriately answered by reference to the date on which injunctive relief is sought in federal court, not the date on which injunctive relief is granted."  *Id*.  That case further holds that injunctions relate back to the date injunctive relief was first sought.  *Id.* at 1127 n.9.  Here, plaintiffs points out that their complaint seeks injunctive relief—although it is not specifically the kind requested here.[2]

The Eighth Circuit in *National City Lines* is also careful to point out that federal courts "should not, of course, ignore the principles of equity, comity and federalism which might preclude an injunction against state proceedings." *Id.* at 1127 n.8.  This Court is reluctant to enjoin state proceedings—even second-filed state proceedings involving what might arguably have been compulsory counterclaims in the present proceeding.  *See* 6 Wright & Miller, *Federal Practice & Proc.*, § 1418.  Although plaintiffs make much of the "first filed rule," none of plaintiffs' case law reflects a federal court enjoining a state court from proceeding.  [*See* Doc. 33 at 28.]  It does appear, however, that plaintiffs properly have made an argument for abatement in state court as

---

[2] Plaintiffs' prayer for relief includes "Enter a preliminary injunction, thereafter to be made permanent, against Defendants and their respective affiliates, subsidiaries, agents, representative, licensees, successors, and assigns – and all those acting for them, on their behalf, or in concert with them – that, among other things: (1) requires Defendants to return to AgXplore all records and information reflecting the Confidential Technology; (2) prohibits Defendants from using the Confidential Technology; and (3) prohibits Defendants from directly or indirectly disclosing AgXplore's Confidential Technology."  [Doc. 9 at 28.]

6

Case: 1:21-cv-00154-SNLJ   Doc. #: 51   Filed: 08/19/22   Page: 7 of 8 PageID #: 1870

part of their motion to dismiss or stay the State Court Petition. That is plaintiffs' primary remedy. *Cf. Nolen v. Hammet Co., Inc.*, 56 F.R.D. 361, 362 (D. S.C. 1972) (noting that the state court had declined to stay or dismiss the second-filed state court action, so the "result is a race to judgment, with which this court, under the anti-injunction statute and the within authorities, holds itself powerless to interfere.").

Moreover, although plaintiffs contend the preliminary injunction they seek is not solely directed at the state court, the injunction they seek would necessarily relate to the state court proceeding because the plaintiffs maintain that the proceeding's very existence violates the contracts at the heart of this matter. Any injunction aimed at protecting plaintiffs' rights under the contracts would appear to be violated by defendants' continued prosecution of the state court proceeding. For that reason, the Anti-Injunction Act compels this Court to deny the motion for preliminary injunction.

### III.   Motion to Expedite Discovery

Next, plaintiffs seek expedited discovery "to prevent irreparable harm to AgXplore…given that Aycock's actions seek to undermine AgXplore operations, disparage, AgXplore in the marketplace, and foreclose on Gutwein's membership interests in the company." [Doc. 26 at 2-3.]

The upshot of defendant's motion to appoint receiver in the State Court Action is that plaintiff Gutwein—AgXplore's sole member—will be divested of control of the company, including control over litigation strategy—*i.e.*, control over this case. The expedited discovery plaintiffs seek include information and communications related to the allegations in the Verified Petition, the Motion for General Receiver, and the verified

7

statements made in Aycock's affidavit attached as an exhibit to his Motion for General Receiver.  Plaintiffs assert that, without expedited discovery, they will be unable to evaluate the scope of harm caused to AgXplore by virtue of Aycock's State Court Action and related representations and communications.

The Case Management Order states that discovery is underway and will close in April 2023.  It's unclear exactly how the instant motion will expedite discovery meaningfully.  Certainly there is nothing stopping plaintiffs from propounding the relevant discovery requests on defendants and requiring their response within 30 days—which would have been before briefing on this matter was completed.  In light of the Case Management Order, the motion to expedite discovery will be denied.

Accordingly,

IT IS HEREBY ORDERED THAT the plaintiffs' motion for preliminary injunction [Doc. 32] is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion for expedited discovery [Doc. 25] is DENIED.

Dated this   19th   day of August, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE