IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AGXPLORE INT'L, LLC, et al., )<br>)<br>　　　Plaintiffs, )<br>)<br>　vs. )<br>)<br>WILLIAM AYCOCK, *et al.*, )<br>)<br>　　　Defendants, )<br>) | Case No. 1:21-CV- 154 SNLJ |

**MEMORANDUM and ORDER**

　　Plaintiffs filed this lawsuit against defendants for unfair competition and breach of contract. This matter is before the Court on plaintiffs' motion to compel discovery [Doc. 52], which has been fully briefed.

**I.     Factual background**

　　Defendant William Barry Aycock founded plaintiff AgXplore International, LLC in 1999. Plaintiff Timothy Gutwein joined AgXplore in 2006 as Director Sales and Executive Vice President. In 2018, Aycock agreed to sell AgXplore to Gutwein and promised to include in the sale all company goodwill and personal and intellectual property. In 2020, plaintiffs refinanced certain indebtedness with Aycock in a somewhat complex transaction involving numerous documents that set out various obligations between the parties. The promises included Gutwein's promise to provide Aycock with certain financial data and Aycock's promise not to compete or interfere with AgXplore and not to commence a receivership against AgXplore. Plaintiffs allege that Aycock

1

planned to compete with AgXplore, steal customers and sales away from AgXplore, and solicit employees and business away from AgXplore in violation of the RCA.  Plaintiffs filed their complaint in November 2021, including claims against Aycock for misappropriation of trade secrets in violation of the Defendant Trade Secrets Act ("DTSA") (Count I), breach of the Missouri Uniform Trade Secrets Act (Count II), breach of the Membership Pledge Agreement (Count III), breach of the implied covenant of good faith and fair dealing (Count IV), breach of the Restrictive Covenant Agreement (Count V), and fraudulent inducement through concealment and misrepresentation in connection with the Restrictive Covenant Agreement (Count VI).

Defendants answered on January 24, 2022 without asserting any counterclaims. Then, on April 5, 2022, Aycock filed a petition in the Circuit Court of New Madrid County, Missouri, seeking foreclosure of Gutwein's membership interests in AgXplore. Then, Aycock filed a motion for receiver in that case on April 29.  Plaintiffs moved to dismiss Aycock's State Court Petition, and they have asked Aycock to withdraw the Petition as well.  Having had no success, plaintiffs filed a motion to enjoin the state court proceedings [Doc. 33].  This Court denied the motion in light of the Anti-Injunction Act [Doc. 51].

The parties have continued to engage in discovery in this matter.

## II.     The Motion to Compel

Plaintiffs seek to compel responses to three categories of document requests.

First, plaintiffs seek to compel complete responses to Requests for Production Nos. 14, 20, and 22.  These generally pertain to documents related to the solicitation of former AgXplore employees by defendants.  Plaintiffs specify in their reply

memorandum that the "only dispute" now at issue is whether defendants "should be compelled to produce compensation information for former AgXplore employees who are now working for an Aycock Entity." Defendants produced employee files, but defendants redacted salary information from those files. Defendants contend that the salary information for non-parties such as these former AgXplore employees is private information not subject to discovery because it is not relevant to whether they were wrongfully solicited by defendants.

Defendants insist they "have no plan to hide their employment relationship with these individuals" and are willing to stipulate that they paid a salary to these eight former employees. Plaintiffs respond that the amount of salary or other compensation paid to these eight former AgXplore employees would tend to show (1) whether defendants solicited or hired away former AgXplore employees in violation of the Restrictive Covenant Agreement, (2) whether defendants continue to solicit such employees to provide him with AgXplore's confidential information, and (3) whether defendants directly competes with AgXplore. Plaintiffs also assert that financial bias is relevant, and the amount of compensation is relevant to that inquiry. Plaintiffs have demonstrated a legitimate need for the information, which outweighs the general privacy interest the employees have in the contents of their employment files. *See, e.g.*, *Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554 (N.D. Iowa 2015). In addition, as plaintiff have stated, the information can be designated as confidential subject to the parties' protective order. [Doc. 50.] Defendants must produce compensation information for former AgXplore employees.

Second, plaintiffs seek production of financial statements for Aycock entities for 2020-21 in Request for Production 16. Plaintiffs agreed to limit this request to Aycock entities involved in agriculture business. Defendants refused to produce any such financial statement, arguing that the companies are not parties to the lawsuit and that they have no bearing on whether defendants communicated with plaintiff's customers, misappropriated plaintiff's trade secrets, or violated the Restrictive Covenant Agreement.

Plaintiffs respond that the financial statements may provide evidence supporting allegations that Aycock is selling competing agricultural products in violation of the Restrictive Covenant Agreement ("RCA"). It appears that, although these "Aycock entities" are not defendants now, plaintiffs seek to find out whether defendants have used the entities in violation of the RCA. Financial statements may contain relevant information pertaining to the allegations of the complaint. *See Masters v. UHS of Del., Inc.*, 4:06CV1850-DJS, 2007 WL 3120015, at *2 (E.D. Mo. Oct. 23, 2007); *Lubrication Techs., Inc., v. Lee's Oil Serv., LLC*, 11-226 (DSD/LIB), 2012 WL 1633259 (D. Minn. Apr. 10, 2012). Further, these documents may also be made subject to the protective order already entered in this case. Plaintiffs' motion will be granted as to RFP 16.

Third, plaintiffs seek production of certain documents related generally to the allegations in the complaint. The three requests are as follows:

- RFP 2 for "all documents and communications related to any of the factual allegations in the complaint."
- RFP 37 for "all notes, diaries, reports, or summaries made or maintained" by defendants related to "plaintiffs, any differences or disputes between any plaintiff and any defendant, or any of the allegations in the complaint."

- RFP 38 for "any paper or electronic calendars maintained by [defendant] from January 1, 2020 through the current date."

Defendants generally object that these requests are overbroad and unduly burdensome because the requests are not limited to documents that are relevant to the claims and defenses in the lawsuit.

In particular, with respect to RFP 2, defendants point out that there are 194 allegations in the complaint, and they include allegations regarding Aycock's founding and former employment with AgXplore, the original sale of AgXplore to Gutwein, and documents executed in connection with the original sale. None of those matters are at issue in this case, but it follows that Aycock might have numerous documents—email, memoranda, notes, and other miscellany—that would need to be searched, sorted, and produced. Plaintiff calls this a "standard clean up" sort of discovery request, but this Court agrees with defendant that its reference to the "allegations" appears to be too broad.

RFP 37 is similarly broad. It seeks materials related to plaintiffs, disputes with plaintiffs, and "any of the allegations in the complaint." This Court will grant the motion to compel with respect to documents related to plaintiffs and disputes with plaintiffs, but not the overly generalized "allegations" category. Defendant also rightly points out that this request, which covers "notes, diaries, reports, or summaries," might cover privileged documents, and plaintiffs do not appear to address that concern. The parties should meet and confer to address the production of privileged documents and what sort of privilege log would suffice for such documents.

This Court need not address RFP 38 because defendants state that there are no responsive documents.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion to compel [Doc. 52] is GRANTED in part and DENIED in part, as explained herein.

Dated this __20th__ day of October, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE